**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND<br>SOUTHWEST AREAS PENSION FUND;<br>and ARTHUR H. BUNTE, Jr., as Trustee, | )<br>)<br>) | Judge: Sara L. Ellis |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Case No. 16-cv-3554 |
| DOUBLE M TRUCKING OF THE ILLINOIS,<br>VALLEY, INC., an Illinois corporation, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## MOTION FOR AN ORDER OF CONTEMPT

NOW COME the Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., trustee (collectively, "Central States"), and respectfully request that this Court grant their Motion for an Order of Contempt against Michael Mrowicki ("Mrowicki"), and enter a judgment against him. In support of this Motion, Central States submits the following:

1. On May 4, 2016, this Court entered a Judgment Order in the amount of $906,290.80 ("Judgment") in favor of Central States and against Double M Trucking of the Illinois Valley, Inc. ("Double M"). (Exhibit 1 of Memorandum in Support of Plaintiffs' Motion for an Order of Contempt (hereinafter, "Memorandum in Support, Ex. __").)

2. On May 16, 2016, the Clerk of Court issued a Citation in Supplemental Proceedings to Discover Assets against Double M ("Citation"). (Memorandum in Support, Ex. 2-A.) The Citation was personally served upon Mrowicki, president of Double M, on May 20, 2016. (Memorandum in Support, Ex. 3.)

3.    The Citation contained the following provision prohibiting Double M from transferring assets:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction or der or garnishment belonging to the judgment debtor or to which he or she or it may be entitled or which may hereafter be acquired by or become due to him or her or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until further order of the Court or termination of these proceedings, whichever occurs first.

4.    In response to the Citation, Double M produced its bank statements from February 2015 through September 2016.

5.    The bank statements produced by Double M show an approximately eleven week period of time from May 21, 2016 through August 9, 2016, during which Mrowicki had notice of the Citation and, nevertheless, caused or permitted Double M to transfer at least $1,390,986.43 to third parties in violation of the prohibition against transfer contained in the Citation:

| Statement Dates | Transferred Amount |
|---|---|
| May 2016 | $152,750.75 |
| June 2016 | $473,585.92 |
| July 2016 | $395,941.05 |
| August 2016 | $368,708.71 |
| **Total:** | **$1,390,986.43** |

(Memorandum in Support, Exs. 2-G–2-J.)

6.    Pursuant to Federal Rule of Civil Procedure 69, Illinois law governs supplementary proceedings to enforce a judgment. See 735 ILCS 5/2-140.

7.      Under Illinois law, the proper service of a citation in supplemental proceedings to discover assets creates a lien on all personal property belonging to the judgment debtor, whether in the judgment debtor's possession and control or in the possession of a third-party. *Laborers' Pension Fund v. A & C Envtl., Inc.*, No. 99 C 8300, 2005 WL 994525, at *2 (N.D. Ill. Apr. 19, 2005); *City of Chi. v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998). The lien is considered perfected on the date of service. *Mendez v. Republic Bank*, 725 F.3d 657, 653 (7th Cir. 2013).

8.      There are only two exceptions to the prohibition against transfer, neither of which applies in the instant case. First, there is an exception for transfers of property exempt from the enforcement of a judgment. 735 ILCS 5/2-1402(f)(1); *Air Auto Leasing Co.*, 297 Ill. App. 3d at 878. The second exception applies with respect to property of the judgment debtor that is in the hands of third parties and which is in excess of twice the amount of the balance the judgment creditor seeks to enforce. *Id.* However, there is no statutory exception to the prohibition against transfer with respect to ordinary business expenses. *Cent. States, Se. and Sw. Areas Pension Fund v. Wintz Props., Inc.*, 155 F.3d 868 (7th Cir. 1998); *Air Auto Leasing Co.*, 297 Ill. App. 3d at 878; *A & C Envtl., Inc.*, 2005 WL at 994525, at *2; *Laborers' Pension Fund v. Dominic, Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *2 (N.D. Ill. June 4, 2003).

9.      Mrowicki violated the prohibition against transfer contained in the Citation by causing or permitting Double M to make payments in violation of the Citation, after the Citation was personally served upon him.

WHEREFORE, Central States respectfully request that this Motion be granted, that Mrowicki be held in contempt of court, and that a judgment be entered against Mrowicki, personally, for the amount of the transfers up to the unpaid balance of the Judgment, including

post-judgment interest as provided for in the Judgment, plus post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and with said interest to be compounded annually, plus all attorneys' fees and costs incurred by Plaintiffs in connection with this motion, and for such other relief deemed just and proper.

Respectfully submitted,

*/s/ Emily I. Falkof*
Emily I. Falkof (ARDC No.:6315437)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, IL 60018
(847) 939-2489
efalkof@centralstatesfunds.org

April 28, 2017

## CERTIFICATE OF SERVICE

I, Emily I. Falkof, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., certify that on Friday, April 28, 2017, I caused the foregoing *Motion for an Order of Contempt* to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For all other parties, I served the foregoing *Motion for an Order of Contempt* by mailing on Friday, April 28, 2017, said document via UPS Next Day Air and first class mail to:

> Double M Trucking of the Illinois Valley, Inc.
> c/o Michael Mrowicki
> 2774 Rockwell Road
> La Salle, IL 61301
>
> John A. Grivetti, Jr.
> Grivetti Law Office
> PO Box 50
> 309(R) Third Street
> Standard, IL 61363-0050

*/s/ Emily I. Falkof*
Emily I. Falkof
One of Central States' Attorneys